# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

| | |
|---|---|
| VERONICA RAYNOR, Individually and as Personal Representative of the ESTATE OF REUEL GRIFFIN<br>607 1/2 Rhode Island Ave., NW<br>Washington DC 20001<br><br>    Plaintiff,<br><br>    v.<br><br>DISTRICT OF COLUMBIA<br><br>    Serve: Mayor Vincent Gray and<br>           Attorney General Irvin B. Nathan<br>           *via* designated agent at:<br>           Office of the Attorney General<br>           441 4th Street, N.W., Suite 600 South<br>           Washington, D.C. 20001<br><br>and<br><br>SAINT ELIZABETH HOSPITAL<br>1100 Alabama Avenue, S.E.<br>Washington, DC 20032<br><br>    Serve: Matthew Caspari, General Counsel<br>           D.C. Department of Behavioral Health<br>           64 New York Avenue, N.E., 3rd Floor<br>           Washington, D.C. 20002<br><br>and<br><br>PATRICK J. CANAVAN Psy. D.<br>1100 Alabama Avenue, S.E.<br>Washington, DC 20032<br><br>and<br><br>ANTHEA SEYMOUR<br>1100 Alabama Avenue, S.E.<br>Washington, DC 20032<br><br>and | Case No. **1:14-cv-750** |

2

| | |
|---|---|
| **BERNARD ARONS, M.D.** | ) |
| 1100 Alabama Avenue, S.E. | ) |
| Washington, DC 20032 | ) |
| | ) |
| and | ) |
| | ) |
| **ANTOINETTE QUANDER-CLEMONS** | ) |
| 1100 Alabama Avenue, S.E. | ) |
| Washington, DC 20032 | ) |
| | ) |
| and | ) |
| | ) |
| **BERNADEAN GREENE, R.A.** | ) |
| 1100 Alabama Avenue, S.E. | ) |
| Washington, DC 20032 | ) |
| | ) |
| and | ) |
| | ) |
| **LISA DELOATCH** | ) |
| 1100 Alabama Avenue, S.E. | ) |
| Washington, DC 20032 | ) |
| | ) |
| and | ) |
| | ) |
| **EDGAR POTTER, M.D.** | ) |
| 1100 Alabama Avenue, S.E. | ) |
| Washington, DC 20032 | ) |
| | ) |
| and | ) |
| | ) |
| **OSAMEDE EDOKPOLO, M.D.** | ) |
| 1100 Alabama Avenue, S.E. | ) |
| Washington, DC 20032 | ) |
| | ) |
| and | ) |
| | ) |
| **DANILO GARCIA, M.D.** | ) |
| 1100 Alabama Avenue, S.E. | ) |
| Washington, DC 20032 | ) |
| | ) |
| and | ) |
| | ) |
| **DEBORAH TRUESDALE** | ) |
| 1100 Alabama Avenue, S.E. | ) |
| Washington, DC 20032 | ) |

2

|  |  |
|---|---|
| | ) |
| **and** | ) |
| | ) |
| **RICHARD SMITH, M.D.** | ) |
| **1100 Alabama Avenue, S.E.** | ) |
| **Washington, DC 20032** | ) |
| | ) |
| **and** | ) |
| | ) |
| **AMMA POKUAAH, R.N.** | ) |
| **1100 Alabama Avenue, S.E.** | ) |
| **Washington, DC 20032** | ) |
| | ) |
| **and** | ) |
| | ) |
| **ABAYOMI JAJI, M.D.** | ) |
| **1100 Alabama Avenue, S.E.** | ) |
| **Washington, DC 20032** | ) |
| | ) |
| **and** | ) |
| | ) |
| **FLORENCE NWONYE, R.N.** | ) |
| **1100 Alabama Avenue, S.E.** | ) |
| **Washington, DC 20032** | ) |
| | ) |
| **and** | ) |
| | ) |
| **ELIZABETH OLUMESE, N.P.** | ) |
| **1100 Alabama Avenue, S.E.** | ) |
| **Washington, DC 20032** | ) |
| | ) |
| **and** | ) |
| | ) |
| **BENNIE CARTER, M.D.** | ) |
| **1100 Alabama Avenue, S.E.** | ) |
| **Washington, DC 20032** | ) |
| | ) |
| **and** | ) |
| | ) |
| **ENYIOMA ANYAONWU, R.N.** | ) |
| **1100 Alabama Avenue, S.E.** | ) |
| **Washington, DC 20032** | ) |
| | ) |
| **and** | ) |
| | ) |

3

| | |
|---|---|
| **TERESA GRANT, Ph.D.** | ) |
| 1100 Alabama Avenue, S.E. | ) |
| Washington, DC 20032 | ) |
| | ) |
| and | ) |
| | ) |
| **DAPHNE JACKSON, R.N.** | ) |
| 1100 Alabama Avenue, S.E. | ) |
| Washington, DC 20032 | ) |
| | ) |
| and | ) |
| | ) |
| **MICHAEL LOHRI, S.W.** | ) |
| 1100 Alabama Avenue, S.E. | ) |
| Washington, DC 20032 | ) |
| | ) |
| and | ) |
| | ) |
| **JAMES ROBINSON, S.W.** | ) |
| 1100 Alabama Avenue, S.E. | ) |
| Washington, DC 20032 | ) |
| | ) |
| and | ) |
| | ) |
| **JOSEPH ALAM, M.D.** | ) |
| 1100 Alabama Avenue, S.E. | ) |
| Washington, DC 20032 | ) |
| | ) |
| and | ) |
| | ) |
| **KATE CROSON, Psy.D.** | ) |
| 1100 Alabama Avenue, S.E. | ) |
| Washington, DC 20032 | ) |
| | ) |
| and | ) |
| | ) |
| **KYLEEANN STEVENS, M.D.** | ) |
| 1100 Alabama Avenue, S.E. | ) |
| Washington, DC 20032 | ) |
| | ) |
| and | ) |
| | ) |
| **PETER THURA, M.D.** | ) |
| 1100 Alabama Avenue, S.E. | ) |
| Washington, DC 20032 | ) |
| | ) |

| | |
|---|---|
| **and** | ) |
| | ) |
| **BERNADETTE WILLIAMS, R.N.** | ) |
| 1100 Alabama Avenue, S.E. | ) |
| Washington, DC 20032 | ) |
| | ) |
| **and** | ) |
| | ) |
| **BERNARD HARDEMAN, N.P.** | ) |
| 1100 Alabama Avenue, S.E. | ) |
| Washington, DC 20032 | ) |
| | ) |
| **and** | ) |
| | ) |
| **GRACE AGBA** | ) |
| 1100 Alabama Avenue, S.E. | ) |
| Washington, DC 20032 | ) |
| | ) |
| **and** | ) |
| | ) |
| **NICOLE JOHNSON M.D.** | ) |
| 1100 Alabama Avenue, S.E. | ) |
| Washington, DC 20032 | ) |
| | ) |
| **and** | ) |
| | ) |
| **CHRISTOPHER LEACH** | ) |
| 1100 Alabama Avenue, S.E. | ) |
| Washington, DC 20032 | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

Plaintiff Veronica Raynor, Individually and as a Personal Representative of the Estate of Reuel Griffin, by and through counsel, brings this action against Defendants, The District of Columbia, Saint Elizabeth Hospital, Patrick J. Canavan, Psy. D., Anthea Seymour, Bernard Arons, M.D., Antoinette Quander-Clemons, Bernadean Greene, R.A., Lisa DeLoatch, Edgar Potter, M.D., Osamede Edokpolo, M.D., Danilo Garcia, M.D., Deborah Truesdale, Richard Smith, M.D., Amma Pokuaah, RN, Abayomi Jaji, M.D., Florence Nwonye, R.N., Elizabeth

5

Olumese, N.P., Bennie Carter, M.D., Enyioma Anyaonwu, R.N., Teresa Grant, Ph.D., Daphne Jackson, R.N., Michael Lohri, S.W., James Robinson, S.W., Joseph Alam, M.D., Kate Croson, Psy.D, KyleeAnn Stevens, M.D., Peter Thura, M.D., Bernadette Williams, R.N., Bernard Hardeman, N.P., Grace Agba, Nicole Johnson, M.D., and Christopher Leach, R.A., and moves this Court for judgment against the Defendants on the grounds and in the amounts set forth below:

## JURISDICTION AND VENUE

1.     Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 based on a federal question, 28 U.S.C. § 1343(a)(3) & (4) (civil rights), and 28 U.S.C. § 1367(a) (supplemental jurisdiction).

## PARTIES

2.     Plaintiff Veronica Raynor is the personal representative of the Estate of Reuel Griffin, deceased. At the time of his death and at all times relevant hereto, Reuel Griffin resided in the District of Columbia. At all times relevant hereto, Reuel Griffin was under the custody and supervision of the District of Columbia at Saint Elizabeth's Hospital in the District of Columbia.

3.     Defendant District of Columbia is and was at all times relevant hereto, a municipal corporation authorized to sue and be sued. Saint Elizabeth Hospital is owned and operated by the District of Columbia to provide psychiatric services to individuals with serious and persistent mental illness.

4.     Saint Elizabeth Hospital is a corporation organized under the laws of the District of Columbia with its principle place of business at 1100 Alabama Avenue, S.W., Washington DC 20032.

5. At all times relevant hereto, Patrick J. Canavan, Psy. D., was the Chief Executive Officer of Saint Elizabeth Hospital.

6. At all times relevant hereto, Anthea Seymour was the Chief Operating Officer of Saint Elizabeth Hospital.

7. At all times relevant hereto, Bernard Arons, M.D. was the Director of Medical Affairs at Saint Elizabeth Hospital.

8. At all times relevant hereto, Antoinette Quander-Clemons was the Medical Clinical Coordinator at Saint Elizabeth Hospital.

9. At all times relevant hereto, Edgar Potter, M.D., was the Supervisory General Medical Officer at Saint Elizabeth Hospital.

10. At all times relevant hereto, KyleeAnn Stevens, M.D., was the Director of Forensic Services at Saint Elizabeth Hospital.

11. At all times relevant hereto, the remaining Individual Defendants, Bernadean Greene, R.A., Lisa DeLoatch, Edgar Potter, M.D., Osamede Edokpolo, M.D., Danilo Garcia, M.D., Deborah Truesdale, Richard Smith, M.D., Amma Pokuaah, RN, Abayomi Jaji, M.D., Florence Nwonye, R.N., Elizabeth Olumese, N.P., Bennie Carter, M.D., Enyioma Anyaonwu, R.N., Teresa Grant, Ph.D., Daphne Jackson, R.N., Michael Lohri, S.W., James Robinson, S.W., Joseph Alam, M.D., Kate Croson, Psy.D, Peter Thura, M.D., Bernadette Williams, R.N., Bernard Hardeman, N.P., Grace Agba, Nicole Johnson, M.D., and Christopher Leach, R.A., were agents and/or employees of Saint Elizabeth Hospital.

12. At all times relevant hereto, Saint Elizabeth Hospital was an institution for mental disease as defined in 42 U.S.C. 1396 d(a)(xvii)(29)(B). It held itself out to the general public as competent and qualified to render psychiatric and medical care to the public by and through its

actual and apparent agents, servants, and/or employees, individually but not limited to the individuals listed in paragraphs 5 – 11 herein. In rendering medical care to Mr. Griffin at Saint Elizabeth Hospital, as hereinafter set forth, said actual and/or apparent agents, servants and/or employees were acting within the course and scope of their employment and/or agency with Saint Elizabeth Hospital, and it is, therefore, liable for their actions in connection therewith, pursuant to the doctrines of *Respondeat Superior* and/or agency.

13. The District of Columbia was timely notified pursuant to D.C. Code § 12-309 as to the date, time, place, cause, and circumstance of Griffin's injuries and damages.

## FACTS

14. Plaintiff incorporates by reference paragraphs 1 through 13 as if set forth fully herein.

15. Reuel Griffin was involuntarily committed to Saint Elizabeth Hospital's Forensic Inpatient program on August 12, 2008 following a legal status of not guilty by reason of insanity.

16. From March 27, 2010 to February 24, 2011, Griffin was incarcerated at the D.C. Jail. In November 2010, Griffin sustained a left ankle and foot fracture.

17. The District of Columbia failed to provide timely or appropriate medical intervention for Griffin's foot fracture.

18. On February 24, 2011, Griffin returned to Saint Elizabeth Hospital. Thereafter, the necessity of medical intervention for Mr. Griffin's fractured left foot was well documented in his chart at Saint Elizabeth Hospital.

19. Because he was a patient in an institution for mental disease, Griffin was not qualified for Medicaid.

20. Despite Defendants' knowledge of Griffin's medical condition and the need for medical intervention, Defendants failed to take necessary actions to obtain appropriate medical care and treatment for his condition or to obtain alternate funding for Griffin's medical care.

21. As a consequence of Defendants' failure to provide appropriate medical intervention, Mr. Griffin's condition worsened over the following months and he died on January 31, 2012.

22. As a direct and proximate result of the medical treatment described above, Griffin suffered severe and permanent injuries, physical pain, mental anguish, and death.

### COUNT I
### (Medical Negligence)

23. Plaintiff incorporates by reference paragraphs 1 through 22 as if set forth fully herein.

24. At all times relevant hereto, Defendants owed Griffin the duty to exercise that degree of care, skill and diligence ordinarily exercised by similarly trained and experienced health care providers under similar circumstances

25. Notwithstanding said duties, Defendants were negligent and failed to act in accordance with their duties.

26. The District of Columbia, Saint Elizabeth Hospital and their employees and agents including but not limited to Patrick J. Canavan, Psy. D., Anthea Seymour, Bernard Arons, M.D., Antoinette Quander-Clemons, Bernadean Greene, R.A., Lisa DeLoatch, Edgar Potter, M.D., Osamede Edokpolo, M.D., Danilo Garcia, M.D., Deborah Truesdale, Richard Smith, M.D., Amma Pokuaah, RN, Abayomi Jaji, M.D., Florence Nwonye, R.N., Elizabeth Olumese, N.P., Bennie Carter, M.D., Enyioma Anyaonwu, R.N., Teresa Grant, Ph.D., Daphne Jackson, R.N., Michael Lohri, S.W., James Robinson, S.W., Joseph Alam, M.D., Kate Croson, Psy.D,

9

KyleeAnn Stevens, M.D., Peter Thura, M.D., Bernadette Williams, R.N., Bernard Hardeman, N.P., Grace Agba, Nicole Johnson, M.D., and Christopher Leach, R.A., breached the standard of care as described above and in numerous other ways including but not limited to:

a) failing to adequately monitor or assess Mr. Griffin's multiple medical conditions, including his knee and ankle problems, his leg swelling, and his foot fracture for months before his death;

b) failing to follow recommendations of acute care provider(s) to return for follow-up for Mr. Griffin's left foot fracture;

c) failing to schedule medical consults for Mr. Griffin's knee, leg, foot and other conditions;

d) failing to assess Mr. Griffin's legs despite his report of severe pain;

e) failing to perform a comprehensive nursing assessment or develop a nursing care plan;

f) failing to properly document Mr. Griffin's medical issues and diagnoses and failed to provide timely and appropriate assessments, consults and interventions;

g) failing to diagnose symptomatic bradycardia;

h) failing to provide timely and appropriate resuscitation;

i) failing to activate EMS in a timely manner; and

j) failing to institute any protocols for securing urgent or specialty medical care and for implementing payment options for such services.

27. Defendants owed Griffin the duty to exercise the degree of care, skill, and diligence ordinarily exercised by licensed care providers in the hiring, training, and supervision of appropriate personnel.

28. Defendants had a duty to hire sufficient personnel to adequately support the needs of mentally ill individuals under its care, such as Griffin.

29. Defendants also had a duty to hire staff with the appropriate training and competency to deliver adequate care to Griffin and to terminate any employee unable to fulfill those duties.

30. Defendants had the duty to train and supervise their employees to meet all of the medical, emotional and psychological needs of Griffin.

31. Defendants breached their duties by (i) hiring and retaining untrained and incompetent staff, (ii) failing to hire sufficient personnel and, (iii) failing to adequately train and supervise their employees and personnel.

32. As a direct and proximate result of Defendants' negligence, Griffin suffered economic damages, emotional distress, severe physical injury and death.

## COUNT II
**(Wrongful Death)**

33. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 32 above, as if fully set forth herein, and further alleges that this claim arises under the District of Columbia Wrongful Death Statute, D.C. Code Section 16-2702, *et seq*.

34. As a direct and proximate result of the negligent and/or wrongful acts and/or omissions of Defendants, Plaintiff as personal representative and next of kin, incurred burial expenses, medical expenses, a loss of the pecuniary value of services expected to be performed by Griffin, and claims additional losses and all damages recoverable under the statute including emotional distress.

## COUNT III
### (Survival Act)

35. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 34 above, as if fully set forth herein, and further allege that this claim arises under the District of Columbia Survival Statute, D.C. Code Section 12-101, *et seq*.

36. Griffin's right of action for damages caused by the negligent conduct of the Defendants and/or their agents servants and/or employees, survives in favor of Plaintiff Veronica Raynor, as Personal Representative of the Estate of Reuel Griffin**.**

37. As a result of the negligent and/or wrongful conduct of Defendants, their agents, servants and/or employees, Griffin experienced severe pain, suffering and mental anguish for years of his life and during the last days of his life.

## COUNT IV
### (42 U.S.C. §1983 –Defendants District of Columbia, Saint Elizabeth Hospital and the Individual Defendants)

38. Plaintiffs incorporate by reference paragraphs 1 through 37 as though fully set forth herein.

39. At all times relevant hereto, Griffin was committed to the custody of the District of Columbia and was completely dependent on the District of Columbia for his health care, protection, and well-being.

40. At all times relevant hereto, the District of Columbia had an obligation to ensure that Griffin received adequate medical care.

41. Defendants District of Columbia, Saint Elizabeth Hospital and the above named Individual Defendants were aware of Griffin's medical condition and were aware that his condition required immediate medical care.

42. Defendants knew that (i) Griffin was a patient in an institution for mental disease and therefore was not eligible for Medicaid and (ii) he did not have any other insurance.

43. Defendants knew that to obtain timely medical care for Mr. Griffin would require obtaining alternative funding.

44. At all times relevant hereto, it was the policy of the District of Columbia as established and implemented by Patrick J. Canavan, Psy. D., Anthea Seymour, Bernard Arons, M.D., Antoinette Quander-Clemons, Edgar Potter, M.D., and KyleeAnn Stevens, M.D. as policy makers for Saint Elizabeth Hospital and the District of Columbia to have no protocol in place to obtain specialty medical treatment and to implement alternative payment arrangements if Medicaid or other insurance was not available. This policy and procedure was intentional and/or deliberately indifferent to the constitutional rights of Griffin and similarly situated mentally ill persons in the custody of the District of Columbia, and caused the injuries complained of in this Complaint.

45. Upon information and belief, it was the custom of the District of Columbia, Saint Elizabeth Hospital and Patrick J. Canavan, Psy. D., Anthea Seymour, Bernard Arons, M.D., Antoinette Quander-Clemons, Edgar Potter, M.D., Danilo Garcia, M.D., and KyleeAnn Stevens, M.D. to fail to implement any protocol to obtain specialty medical treatment and alternative payment arrangements for individuals without insurance, like Griffin. Upon information and belief Patrick J. Canavan, Psy. D., Anthea Seymour, Bernard Arons, M.D., Antoinette Quander-Clemons, Edgar Potter, M.D., and KyleeAnn Stevens, M.D. as the policy makers for the District of Columbia and Saint Elizabeth Hospital, authorized and ratified the failure to implement any policy or protocol to obtain specialty medical treatment and to implement alternative payment arrangements for mentally ill patients at Saint Elizabeth Hospital without insurance.

46. Defendants District of Columbia, Saint Elizabeth Hospital, Patrick J. Canavan, Psy. D., Anthea Seymour, Bernard Arons, M.D., Antoinette Quander-Clemons, Edgar Potter, M.D., and KyleeAnn Stevens, M.D. knew that the failure to implement a protocol for provisions of specialty medical care to individuals like Griffin constituted a violation of Griffin's constitutional rights under the Fifth Amendment of the United States Constitution. The Defendants acted intentionally and/or with deliberate indifference to the high risks that a violation of Griffin's constitutional rights would follow their inaction.

47. The actions and policies of these Defendants as described in this Count IV violated the constitutional rights of Griffin under the Fifth Amendment by preventing the administration of necessary medical and nursing care and causing Griffin's death.

48. The Defendants' conduct was intentional and/or the product of deliberate indifference, and was shocking, outrageous, and amounted to a violation of the Plaintiff's substantive due process rights under the Fifth Amendment.

49. As a direct result of the actions and policies of the Defendants as described in this Count IV, Griffin suffered an unconstitutional taking of liberty and property in violation of his rights under the Fifth Amendment to the United States Constitution.

50. As a direct and proximate result of the Defendants' violations of Griffin's constitutional rights as described herein, Griffin suffered severe and substantial damages as set forth above.

**Deliberate Indifference to Medical Needs**

51. When Griffin returned to Saint Elizabeth Hospital in February 2011, the District knew he required prompt and adequate medical care.

52.     The Individual Defendants who provided direct care to Griffin, (e.g. Bernard Arons, M.D., Antoinette Quander-Clemons, Bernadean Greene, R.A., Lisa DeLoatch, Edgar Potter, M.D., Osamede Edokpolo, M.D., Danilo Garcia, M.D., Deborah Truesdale, Richard Smith, M.D., Amma Pokuaah, RN, Abayomi Jaji, M.D., Florence Nwonye, R.N., Elizabeth Olumese, N.P., Bennie Carter, M.D., Enyioma Anyaonwu, R.N., Teresa Grant, Ph.D., Daphne Jackson, R.N., Michael Lohri, S.W., James Robinson, S.W., Joseph Alam, M.D., Kate Croson, Psy.D, KyleeAnn Stevens, M.D., Peter Thura, M.D., Bernadette Williams, R.N., Bernard Hardeman, N.P., Grace Agba, Nicole Johnson, M.D., and Christopher Leach, R.A.) knew that Griffin's left foot and knee condition demanded immediate medical attention as of February 2011.

53.     Despite recognizing the need for medical intervention, the Individual Defendants took no action to obtain appropriate medical care for Griffin.

54.     The District has a long policy of deliberate disregard for the medical needs of mentally ill individuals under its care at Saint Elizabeth Hospital, through its failure to implement a protocol for securing urgent or specialty medical care and for implementing payment options for such services.

55.     Griffin was injured as described herein by the Individual Defendants deliberate disregard of his medical condition and by the District's policy of deliberate disregard for the medical and health needs of mentally ill patients housed at Saint Elizabeth Hospital.

15

## MISCELLANEOUS ALLEGATIONS

56. Plaintiff reserves her right to amend these pleadings as necessitated by discovery.

## REQUEST FOR RELIEF DEMANDED

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, and requests compensatory damages in the amount of ten million dollars ($10,000,000.00), and interest, costs, and attorney fees related to the statutory claims.

## JURY TRIAL DEMAND

Plaintiffs request a jury trial on all appropriate claims set forth above.


WILLIAMS BERTRAM


By: */s/ Harvey S. Williams*
Harvey S. Williams #437147
Williams Bertram
1666 Connecticut Avenue, N.W.
Ste. 250
Washington, D.C. 20009
PH: (202) 462-5900
FX: (202) 462-5904
hsw@williamslegal.com

*Counsel for Plaintiff*