# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| VERONICA RAYNOR, *Individually and as the* | : | |
| *Personal Representative of the* | : | |
| *Estate of Reuel Griffin*, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.: 14-0750 (RC) |
| | : | |
| v. | : | Re Document No.: 106 |
| | : | |
| DISTRICT OF COLUMBIA, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

### DENYING DEFENDANT BERNADEAN GREENE'S MOTION TO DISMISS

### I. INTRODUCTION

On April 29, 2014, Plaintiff Veronica Raynor filed this action against the District of Columbia and several other defendants, including Bernadean Greene, based on the death of Reuel Griffin at Saint Elizabeth's Hospital in 2012. *See generally* Compl., ECF No. 1. However, in the more than two years after Ms. Greene was supposedly served and this case was being actively litigated, neither side seemed to notice that Ms. Greene had not actually responded to the Complaint. This case now comes before the Court on Ms. Greene's Motion to Dismiss under Rule 12(b)(5) of the Federal Rules of Civil Procedure for insufficient service of process. For the reasons stated below, the Court denies Defendant's Motion to Dismiss without prejudice.

### II. FACTUAL BACKGROUND

On April 29, 2014, Veronica Raynor filed a Complaint against the District of Columbia and several other defendants, including Ms. Greene, alleging that they negligently caused the

death of Reuel Griffin on January 31, 2012. *See generally* Compl. Ms. Raynor claims that, beginning in August 2014, she attempted to identify Ms. Greene's home address in order to properly serve her with the Complaint. *See* Pl.'s Opp'n to Def.'s Mot. Dismiss ("Pl.'s Opp'n") at 2, ECF No. 108. Although the District of Columbia provided Ms. Raynor with Ms. Greene's supposed address, it later proved incorrect. *See* Pl.'s Opp'n at 2. Thereafter, Ms. Raynor requested that the District provide Ms. Greene's social security number so that a private investigator might use it to locate her. *See* Pl.'s Opp'n at 2. The District initially denied the request and instead provided a second address, but that too was incorrect. *See* Pl.'s Opp'n at 2. As a result, and after several more requests from Ms. Raynor, the District finally agreed to provide Ms. Greene's social security number. *See* Pl.'s Opp'n at 2. Through investigative methods not revealed to the Court, Ms. Raynor's private investigator determined that Ms. Greene "reside[d] with her sister . . . at 4714 Alabama Avenue, SE, Washington, DC," Pl.'s Opp'n, Ex. A, and, on July 13, 2015, a process server left the summons and a copy of the Complaint with Ms. Greene's sister at that address, *See* Pl.'s Opp'n at 2.

Ms. Greene, however, never answered or otherwise responded to Ms. Raynor's Complaint. But, Ms. Raynor apparently failed to notice because she never filed a motion for default judgment. Nevertheless, in November 2016—more than a year later—defense counsel entered appearances on behalf of "*all defendants*," without exception, and proceeded to file papers with this Court on their behalf, including Ms. Greene—though defense counsel now claims that this was in error. These filings include various notices, status reports, a motion to stay, as well as a motion to compel discovery and an opposition to a motion to compel. *See* ECF Nos., 70–72, 77, 83, 85, 88, 90, 93–94, 103, 105. Then, on July 20, 2017, Ms. Greene filed a motion to dismiss the Complaint for insufficient service of process because, according to her, she

2

did not reside at 4717 Alabama Avenue SE at the time the summons and Complaint were delivered to that address. *See generally* Def.'s Mot. Dismiss, ECF No. 106; Greene Decl. at ¶ 2, ECF. No. 106-1.

### III. ANALYSIS

For the reasons explained below, the Court finds Plaintiff has not met her burden in establishing proper service of process on Ms. Greene and that Ms. Greene did not waive service of process through the errant filings of her counsel. Nevertheless, the Court finds that good cause exists to allow Plaintiff additional time to properly effect service of process. Accordingly, the Court denies Ms. Greene's Motion to Dismiss without prejudice and subject to renewal. Additionally, Plaintiff is ordered to effect service on Ms. Greene within 30 days.

#### A. Service of Process

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987); *accord Gorman v. Ameritrade Holding Corp.*, 293 F.3d 506, 514 (D.C. Cir. 2002). However, when the propriety of service is challenged, it is the plaintiff that "bears the burden of proving that she has effected proper service." *Jouanny v. Embassy of France in the United States*, 220 F. Supp. 3d 34, 37–38 (D.D.C. 2016) (citing *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987)). "[T]o do so, [s]he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 [of the Federal Rules of Civil Procedure] and any other applicable provision of law." *Light*, 816 F.2d at 751 (quoting Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1083 (4th Ed. 2017). If the plaintiff fails to meet her burden, then the court necessarily "lacks authority to exercise personal jurisdiction over the defendant." *Jouanny*, 220 F. Supp. at 38 (citing *Candido*

*v. District of Columbia*, 242 F.R.D. 151, 160 (D.D.C. 2007)). Thus, improper service constitutes a "fatal jurisdictional defect, and is grounds for dismissal." *Id.*

In this case, Ms. Raynor argues that service on Ms. Greene was properly effected under Rule 4(e)(2)(B) of the Federal Rules of Civil Procedure. That Rule states that an individual may be served in a judicial district of the United States by "leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(B). Ms. Raynor contends that she made "reasonable and diligent efforts" to locate Ms. Greene's dwelling and points out that the Proof of Service, which constitutes prima facie evidence of valid service, includes the process server's attestation that "Ms. Greene's sister . . . accepted service on [Ms. Green's] behalf. . . ." Pl.'s Opp'n at 4. Ms. Greene, however, contends that service was not properly effected under the Rule because she, in fact, did not "reside" at 4717 Alabama Avenue SE on July 13, 2015. *See* Def.'s Mot. Dismiss at 3. Her declaration, however, is silent on how she defines "reside" or whether that address was her "usual place of abode" at the time.

While it is true that a signed return of service constitutes "prima facie evidence of valid service," *Gates v. Syrian Arab Republic*, 646 F. Supp. 2d 79, 85–86 (D.D.C. 2009), it is by no means definitive evidence. Indeed, many courts have found that, under circumstances similar to those presented here, plaintiffs had not met their burden to establish proper service when they offered nothing more than conclusory statements in the face of competing evidence. *See, e.g.*, *Kammona v. Onteco, Corp.*, 587 F. App'x 575, 578 (11th Cir. 2014) (affirming dismissal where plaintiff offered "no evidence to support his assertion that, at the time of service [the defendant] resided at the address served."); *In re Barkats*, No. 14-00053, 2014 WL 2993723, *4 (D.D.C. July 3, 2013) (finding that "the mere listing of an address on court papers, filed in a different

4

court, is not enough to carry the . . . burden of proof to demonstrate that the service address was the debtor's 'dwelling or usual place of abode.'"); *Winder v. Erste*, No. 03-2623, 2005 WL 736639, *3 (D.D.C. March 31, 2005) ("Plaintiff offers no evidence that contradicts [defendant's] affidavit stating that he was not a resident at the place of service . . . . Plaintiff only makes conclusory assertions that [defendant's] evidence is insufficient to establish the absence of residency . . . an argument based on the presumption that the defendant bears the burden of proving the insufficiency of service of process."). For example, in *In re Barkats*, creditors attempted to serve a debtor with a summons and involuntary bankruptcy petition at an address that the debtor had previously listed on court filings in D.C. Superior Court. *See In re Barkats*, 2014 WL 2993723, at *1. The debtor contested the service, claiming that the address actually belonged to a friend of his and that he had only listed it to provide a local address for mail from the D.C. Court of Appeals. *See id.* The bankruptcy court held that the creditors failed to establish proper service because they did not provide sufficient evidence demonstrating that the debtor ever "owned the property in question." *Id.* at *4. Because the "only evidence the debtor ever resided at the service address—temporarily or otherwise—[was] that the address was listed as a mailing address on a paper filed by the debtor's attorney in the D.C. Superior Court," the bankruptcy court could not find that the creditors had met their burden. *Id.* Despite the fact that the creditors claimed to have acted in good faith, the *Barkats* Court noted that "no amount of good faith on the petitioning creditors' part [could] overcome th[e] fact" that service was improper. *Id.*

In this case, the weight of the evidence does not sufficiently support Plaintiff's claims that Ms. Greene was properly served under Rule 4. Ms. Greene's attests that she did not "reside" at 4714 Alabama Avenue SE on July 13, 2015 when service was made at the address. Thus, Ms.

Raynor must bear the burden of proving that the address was Ms. Greene's "dwelling or usual place of abode." *See Light,* 816 F.2d at 751 (D.C. Cir. 1987). But the only evidence that Ms. Raynor can muster is the signed return of service and a private investigator's letter. *See* Proof of Service, ECF No. 51; Pl.'s Opp'n, Exhibit A, ECF No. 108-1. The proof of service, however, simply asserts, without explanation, that the process server left the summons at Ms. Greene's "residence or usual place of abode" with Ms. Greene's sister.[1] Proof of Service, ECF No. 51. Likewise, the investigator's letter, which was not made under the pain of perjury, merely repeats that conclusion, stating that the investigator "found [Ms. Greene] residing with her sister . . . at 4714 Alabama Avenue SE." Pl.'s Opp'n, Exhibit A. But, like the return of service, it provides no factual basis for the claim. *See* Pl.'s Opp'n, Exhibit A. Without more, these bare assertions are simply not enough to establish that the service address was Ms. Greene's dwelling or usual place of abode. *See Kammona,* 587 F. App'x at 578; *Barkats*, 2014 WL 2993723 at *4; *Winder* 2005 WL 736639 at *3. At best, the evidence is in equipoise, in which case the Court cannot say that Ms. Raynor carried her burden. Thus, Ms. Raynor has failed to show that Ms. Greene was properly served under Rule 4.

### B. Waiver of Service

Ms. Raynor also argues, however, that, even if service was improper, Ms. Greene waived her right to assert this objection. *See* Pl.'s Opp'n at 6. Rule 12(h)(1) of the Federal Rules of Civil Procedure states that a defense for insufficient service of process shall be deemed waived if it is not included in a motion under Rule 12, or, if no such motion has been made, if it is not included in a responsive pleading or an amendment as of right to that pleading. *See* Fed. R. Civ.

---

[1] Contrary to Ms. Raynor's claim, nothing in the proof of service indicates that Ms. Greene's sister accepted service on her "behalf." *Compare* Pl.'s Opp'n at 4, *with* Proof of Service.

6

P. 12(h)(1). Here, Ms. Greene never filed an answer to the Complaint and had not otherwise filed a responsive pleading or motion under Rule 12 until she filed the instant Motion. *See* Def.'s Reply at 2, ECF No. 109. Consequently, Ms. Raynor cannot rely on the literal wording of Rule 12(h) for her waiver argument.

Instead, Ms. Raynor argues that Ms. Greene waived service of process, not by filing a responsive pleading or motion under Rule 12, but through the various other papers purportedly filed on her behalf by defense counsel. *See* Pl.'s Opp'n at 6. It is true that "when a party seeks affirmative relief from a court, it normally submits itself to the jurisdiction of the court with respect to the adjudication of claims arising from the same subject matter." *Mann v. Castiel*, 681 F.3d 368, 374 (D.C. Cir. 2012) (quoting *PaineWebber Inc. v. Chase Manhattan Private Bank*, 260 F.3d 453, 460–61 (5th Cir. 2001)). However, most of the documents identified by Ms. Raynor are neither responsive pleadings nor indications that Ms. Greene sought to defend this suit on the merits. By and large, the filings are defense counsels' notices of appearance, status reports and other notices, and a motion to stay the proceedings. *See* Pl.'s Opp'n at 6. But courts in this Circuit have roundly rejected the notion that these types of filings might serve to waive arguments for defective service of process. *See Mann*, 681 F.3d at 374 (holding that motion to stay does not waive a defective service objection because it is "neither a responsive pleading . . . nor a dispositive motion raising a defense listed in Rule 12(b)" and it does not "indicat[e] that a defendant intends to defend a suit on the merits") (internal quotation marks and citations omitted); *Doggett v. Gonzales*, No. 06-0575, 2007 WL 2893405, at *3 (D.D.C. Sept. 29, 2007) ("[t]he fact that defendants are represented by counsel . . . amounts to neither a waiver of service nor a concession that plaintiffs properly effected service of process."); *accord Hudson v. Christian*, No. 93-7240, 1994 WL 315471 (D.C. Cir. June 15, 1994) (holding that "[a]ppellant's

7

assertion that counsel's entry of appearance in this court constitutes service on appellee is without merit.").

Two sets of filings identified by Ms. Raynor, however, deserve further discussion: Defendants' briefing on their Motion to Compel Discovery and Defendants' Opposition to Plaintiff's Motion to Compel Discovery. ECF Nos. 85, 93. These filings were arguably affirmative requests for relief from this Court by Ms. Greene and, thus, might be sufficient to constitute waiver. *See Paylan v. Bondi*, No. 15-1366, 2015 WL 12819148, at *2–*3 (M.D. Fl. Nov. 9, 2015) (holding service of requests for production and filing of motion to compel sufficient to waive argument regarding insufficient service of process); Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1391 (3d ed.) ("[A] party can be held to have waived a defense listed in Rule 12(h)(1) through conduct, such as extensive participation in the discovery process or other aspects of the litigation of the case even if the literal requirements of Rule 12(h)(1) have been met."). Defense counsel explains, however, that these documents were filed in the name of Ms. Greene through "inadverten[ce]." Def.'s Reply at 2. As defense counsel tells it, they are counsel for all sixteen defendants in this case and they mistakenly indicated that these documents were filed on Ms. Greene's behalf when, apparently, they should not have been. *See* Def.'s Reply at 2. While the Court must admonish defense counsel for their carelessness in this regard, the Court will not construe counsels' errors as a waiver by Ms. Greene. Indeed, the "unequivocal requirement of service of process is designed to obviate [the] concern" that an "unauthorized representative might bind or prejudice a defendant without his or her permission or knowledge." *Yaxin Jing v. Angel Tips, Inc.*, No. 11-5073, 2013 WL 950585, *4 (E.D.N.Y. March 11, 2013). The Plaintiff has not claimed that Ms. Greene has herself been personally engaged in this litigation in any meaningful capacity and, therefore, the Court will

take defense counsel at their word that their prior representations on Ms. Greene's behalf were, at the time, unauthorized. The Court will therefore not hold Ms. Greene accountable for counsel's mistakes.[2]

### C. Whether the Court Should Allow Further Service of Ms. Greene

Finally, Plaintiff argues that even if service was insufficient, the Court may "direct that service be effected within a specific amount of time." Pl.'s Opp'n at 7. Indeed, under Rule 4(m), when service is not effected within 120 days after a complaint is filed, a district court may "order that service be made within a specified time." Fed. R. Civ. P. 4(m). If the plaintiff shows good cause for the failure in service, the court "must extend the time for service for an appropriate period." *Id.* "Good cause" arises when a "plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances. . . ." Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1137 (4th ed. 2017).

Based on the record, the Court is convinced that good cause exists to allow Plaintiff additional time to effect service of process on Ms. Greene. The D.C. Circuit's opinion in *Moore v. Agency for International Development*, 994 F.2d 874 (D.C. Cir. 1993), is instructive here. In that case, shortly after filing his complaint, the plaintiff twice attempted, but ultimately failed, to serve two individual defendants employed by the United States. *See id.* at 876–77.

---

[2] The Court would also like to point out that, although Plaintiff complains that this motion is untimely as it comes two years after service was supposedly effected, she too bears some of the blame for this delay. As noted above, the docket reflects that Ms. Greene had *never* filed an answer or responsive motion to Plaintiff's Complaint. Indeed, the first filing that was ever even supposedly made in the name of Ms. Greene was a notice filed in January 2017—nearly eighteen months after Ms. Greene had supposedly been served and well after the time that Plaintiff could have expected a response to the Complaint. Nevertheless, Plaintiff never sought to bring this issue to the fore, as they could have, through a motion for default judgment. Based on the record, the Court does not see evidence of bad faith on the part of Ms. Greene. Rather, it simply appears that no one—not defense counsel and not Plaintiff—paid any attention to her status in this case.

Nevertheless, the Assistant U.S. Attorney made an appearance on behalf of the defendants and made three requests for extensions of time. *See id.* at 877. Based on these repeated appearances, the D.C. Circuit had "no doubt [that plaintiff] believed the defendants had been properly served." *Id.* Then, nearly three months after the lawsuit began, the defendants moved to dismiss the suit based, in part, on the ineffective service of process. *See id.* at 876–77. Based on those facts, the D.C. Circuit held that the "two attempts to serve the defendants who had notice of the suit and were represented by counsel, coupled with the government's long delay in responding to the complaint, constitute[d] good cause to satisfy Rule 4(j)," the predecessor to modern Rule 4(m). *Id.* at 877. Thus, the court remanded the case to allow the plaintiff "the opportunity to perfect service." *Id.*

As in *Moore*, Plaintiff was diligent in her efforts to effect service on Ms. Greene, and, even though that service was ultimately ineffective, government counsel appeared on Ms. Greene's behalf, even if erroneously, and proceeded to file papers in her name over a period of more than six months before filing the instant motion to dismiss. While the Court is unwilling to find that these events are sufficient to constitute waiver of service, they at least constitute good cause to allow Plaintiff another opportunity to properly serve Ms. Greene. *See id.* As other courts in this Circuit have observed, "[t]he rules governing service of process are not designed to create an obstacle course for plaintiffs to navigate, or a cat-and-mouse game for defendants who are otherwise subject to the court's jurisdiction." *Ali v. Mid-Atl. Settlement Servs., Inc.*, 233 F.R.D. 32, 35–36 (D.D.C. 2006) (quoting *TRW, Inc., v. Derbyshire*, 157 F.R.D. 59, 60 (D. Colo. 1994)). Thus, under the circumstances presented here, basic notions of fairness require that Plaintiff be given more time. Accordingly, the Court will deny Ms. Greene's Motion to Dismiss without prejudice, subject to renewal, allowing Plaintiff 30 additional days to serve Ms. Greene.

Defendant must provide Plaintiff with any information in its possession that may assist in that effort.

## IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **DENIED** without prejudice and subject to renewal. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  November 3, 2017                                RUDOLPH CONTRERAS
                                                        United States District Judge