# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VERONICA RAYNOR, *Individually and as the Personal Representative of the Estate of Reuel Griffin*, | : <br> : <br> : <br> : <br> : |
| Plaintiff, | :     Civil Action No.:    14-0750 (RC) |
| v. | :     Re Document No.:    84 |
| DISTRICT OF COLUMBIA, *et al.*, | : |
| Defendants. | : |

## MEMORANDUM OPINION AND ORDER

**DENYING PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS PRIOR TO 2010**

On March 31, 2017, Plaintiff filed a motion to compel the District of Columbia (the "District") to, among other things, produce emails for thirteen custodians for the years 2009 and 2010. *See* Pl.'s Mot. Compel Discovery, ECF No. 84. Prior to Plaintiff's motion, Defendants had produced documents for those custodians from 2011 to January 2012. The additional documents that Plaintiff seeks are relevant, Plaintiff argues, because part of her theory in this case is that the District's policy, custom, or practices concerning payment for healthcare services to certain persons in the District's custody caused the decedent to suffer injuries resulting from the denial or delay of necessary medical treatment or testing. Plaintiff believes that these denials and delays arose as a result of the District's alleged improper reliance on Medicaid coverage despite a statute excluding Medicaid coverage for individuals who are inmates in public institutions or patients in an institution for mental diseases. And while the decedent's break in Medicaid coverage did not appear to occur until late-2010, Plaintiff argues that she "should have the full extent of the city's practice []—even if it didn't affect [the decedent], if it affected other

patients at St. Elizabeths" because she needs to know the "period of time that the District had in place or had a practice of not having funding in place to pay for medical care." Status Conference Tr. at 11:8–14, ECF No. 113.

On July 14, 2017, the Court held a status conference at which the parties addressed Plaintiff's motion. *See* Status Conference Tr., ECF no. 115. At that hearing, the District represented to the Court that Plaintiff's own expert had opined that "the issue regarding Medicaid and payment for outside services did not come to become an issue until sometime in 2010. So there is no mention of 2009." Status Conference Tr. at 4:24–5:2, ECF No. 115. Plaintiff on the other hand argued that the expert "did not say that there was no evidence before 2010." Status Conference Tr. at 8:1–2, ECF No. 115. Based on the parties representations and the record concerning the 2010 issue, the Court was satisfied that the District should produce emails going back to 2010 and thus ordered it to produce them. Status Conference Tr. at 8:22–23, ECF No. 115. However, given the apparent dispute about the expert's testimony on the 2009 issue, but without briefing on it, the Court took the 2009 issue under advisement and gave Plaintiff and the District permission to supplement their briefs.[1] Status Conference Tr., at 8:23–9:1, 28:8–11, ECF No. 115; *see also* Min. Order, Jul. 14, 2017 (granting in part and denying in part Plaintiff's Motion to Compel Discovery).

Thereafter, the District filed a supplemental brief identifying the relevant portions of Plaintiff's expert's testimony. The District emphasized that the Plaintiff's expert testified that "until somewhere around 2010 [] patients from St. Elizabeths that were referred out to outside hospitals, facilities, were reimbursed by Medicaid" and that there were no issues with respect to

---

[1] The Court also held a status conference on August 16, 2017 and heard from the parties on the 2009 issue, but again took the issue under advisement. *See* Status Conference Tr., at 11:21–22, ECF No. 113.

2

payments. Defs.' Suppl. Filing at 1–2, ECF No. 110. Plaintiff responded to this filing, but did not supply any evidence to suggest that the Medicaid payment issue had ever arisen prior to 2010.

Upon consideration of all the briefing, the parties representations, and the entire record in this case, the Court is persuaded that, under Rule 26(b)(2)(C)(iii) of the Federal Rules of Civil Procedure, the burden of the Plaintiff's proposed discovery outweighs any likely benefit. Plaintiff has not shown that requiring the District to search for documents for all custodians before 2010 is likely to result in discovery of useful information. All of the evidence presented to the Court suggests that the decedent's Medicaid issues did not arise until at least 2010 and Plaintiff has given this Court no reason to suspect that the issues might have arisen any earlier. Nor has the Plaintiff given the Court any reason to suspect that any Medicaid payment issues for any patient ever arose before 2010.[2] On the other hand, the burden of requiring the District to search for, review, and produce a year's worth of emails for approximately a dozen custodians appears significant.[3] Accordingly, the Court finds that Plaintiff's requested discovery is not "proportional to the needs of the case" and thus the Court will not require the District to produce documents prior to 2010. Fed. R. Civ. P. 26(b)(1).[4]

---

[2] In support of her motion for the 2009 documents, Plaintiff relies on a single entry in the decedent's medical chart. That entry states: "Referred to Orthopic surgery for evaluation. Waiting for medical insurance." Pl.'s Mot., Ex. 1 at 5, ECF No. 84-2. This entry, however, is simply too vague and inconclusive to carry the day.

[3] For example, when the Court ordered the production of the 2010 emails, the District represented that it would have to review and produce approximately 5,000 unique emails, which would take approximately 2 months. *See* Status Conference Tr. at 3:23–4:13, ECF No. 113. The Court has no reason to suspect that the production volume for 2009 emails would be lower in any significant respect than the production volume for 2010.

[4] Previously, this Court ordered that the District review and produce responsive emails from 2009 through 2012 for a custodian that all parties agreed was central to the medical

3

For the foregoing reasons, Plaintiff's motion to compel discovery of emails prior to 2010 (ECF No. 84) is hereby **DENIED**.

**SO ORDERED**.

Dated: November 3, 2017                                      RUDOLPH CONTRERAS
                                                             United States District Judge

---

coverage issue—Ms. Claudia Schlosberg. *See* Status Conference Tr. at 26:10–27:18, ECF No. 115. If, upon reviewing those documents from 2009, Plaintiff identifies evidence indicating that the Medicaid coverage issue manifested itself before 2010, the Court would be willing to revisit this issue.