UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VERONICA RAYNOR, *Individually and as the Personal Representative of the Estate of Reuel Griffin*, | : : : : |
| Plaintiff, | : Civil Action No.: 14-0750 (RC) : |
| v. | : Re Document No.: 111 : |
| DISTRICT OF COLUMBIA, *et al.*, | : : |
| Defendants. | : |

# MEMORANDUM OPINION AND ORDER

### GRANTING IN PART AND DENYING IN PART DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO COMPEL PLAINTIFF'S RESPONSES TO DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS

On August 15, 2017, the District of Columbia (the "District") filed a motion to compel responses to various document requests. *See* ECF No. 111. The next day, a status conference was held at which aspects of the motion were discussed. *See* Status Conference Tr., ECF No. 113. Following the status conference, Plaintiff filed an Opposition to the Motion, *see* Pl.'s Opp'n, ECF No. 116, and the District subsequently filed a reply in support of its motion, *see* Def.'s Reply, ECF No. 119. For the reasons stated below, the Court grants that motion in part and denies the motion in part.

### A. Document Request No. 4 - Medical Releases

In Request No. 4, Defendants requested the following:

With regard to any medical or hospital records of the Plaintiff referred to in Request No. 3 above which are in existence, but are not physically in the possession or custody of the Plaintiff or the Plaintiff's attorney, but which are in the Plaintiff's control, the District Requests that the Plaintiff execute medical authorizations to allow the Defendant to obtain copies of each doctor, hospital or other medical facility records. Authorizations forms are attached; please complete and execute the authorization forms.

Def.'s Request for Production of Documents ("Def.'s Requests") at 12–13, ECF No. 111-1. Plaintiff objected to this request as beyond the scope of Rule 26 and directed the District to records identified in response to other Requests. The District argues that this response was inadequate. At the August 16, 2017 status conference, the Court ordered that Plaintiffs needed to provide authorizations "for all kinds of care" for "all providers that the District has provided a basis to believe that the decedent received care there." Status Conference Tr. at 28:22–28. The Court emphasized, however, that it would not "require the waiver unless [the District] ha[s] some reason to believe [the decedent] actually received care at a *specific facility or provider*," otherwise the District's request would amount to nothing more than "a fishing expedition." Status Conference Tr. at 30:11–16 (emphasis added).

According to the parties' October 2, 2017 status report, Plaintiff has provided executed health authorizations for Alpha Diagnostics, Allstate Clinical Laboratories, Washington Hospital Center, United Medical Center and Howard University Hospital.[1] *See* Joint Status Report at 4–6, ECF No. 124. Accordingly, this issue is moot as to those facilities. However, the District continues to argue that this Court should order Plaintiff to produce medical releases for five other area hospitals as well. *See* Joint Status Report at 4–6; Def.'s Reply at 3. The District argues that the parties have exchanged records showing that the decedent was sent outside of St. Elizabeths Hospital to receive medical care during a time period when "St. Elizabeths Hospital was sending patients out for similar medical services [to] the [five] other area hospitals." Def.'s Reply at 3.

---

[1] According to the Joint Status Report, "Plaintiff's counsel indicated [that] he learned that [decedent] was treated for [a] gunshot wound at Howard University Hospital, but the authorizations [Plaintiff's counsel] sent with that email [did] not include a witness signature." Joint Status Report at 5. The parties, however, dispute whether or not a witness signature is actually required. Whatever the case may be, the parties should coordinate with one another and with Howard University Hospital to ensure that the authorization is effective.

But this does not meet the level of specificity that the Court required in its order on August 16. While this may suggest that the decedent was treated at one facility or another, the District offers no basis to believe that he was treated at any *specific* facility. Accordingly, the Court will not require the Plaintiff to authorize the release of records from the other five area hospitals.

### B. Document Request Nos. 1, 5, 6, 7, 12, 13 and 18

The District also moves to compel the production of additional documents responsive to Document Request Nos. 1, 5, 6, 7, 12, 13, and 18. *See* Def.'s Mot. at 9–15. In response, Plaintiffs asserted that it has already complied with these requests and that "no document has been withheld," thus "there is nothing to compel." Pl.'s Opp'n at 3. The District does not quarrel with this assertion, rather the District argues that the "unequivocal, clear answers that Plaintiff conveyed in her Opposition were not part of her response to these requests." Def.'s Reply at 4. Accordingly, the District urges this Court to order Plaintiffs to amend her earlier responses to conform with the responses she presented in her Opposition. The Court, however is satisfied with the clarification that Plaintiff made in the Opposition. The District can hardly complain at this point that it is does not know whether any documents responsive to these requests are being withheld—they are not.[2]

### C. Request No. 19 - § 12-309 Letter

In Request 19, the District requested "[a]ny document which Plaintiff claims meets the statutory requirement of a demand letter pursuant to D.C. Code § 12-309." Defs.' Requests at 16. Plaintiff objected, claiming that Defendants already had possession of Plaintiff's § 12-309

---

[2] With respect to Request No. 12, the District argued that it is "concerned that Plaintiff is withholding copies of the decedent's x-ray films that Defendants have been otherwise unable to obtain." Def.'s Mot. at 11. Plaintiff, however, has asserted that she has produced everything she has in her possession. The Court sees nothing in the record indicating that Plaintiff's Counsel has any x-ray films that have not been produced.

3

demand letters and now argues that she has no letters other than those that have already been served on Defendant. Pl.'s Opp'n at 7. While that may be true, they are admittedly documents in her possession and are responsive to the requests. Thus, Plaintiff must produce them.

For the foregoing reasons, Defendant District of Columbia's Motion to Compel Plaintiff's Responses to Defendants' Request for Production of Documents (ECF No. 111) is **GRANTED IN PART AND DENIED IN PART**. It is hereby:

**ORDERED** that Plaintiff shall produce to the District of Columbia any and all documents that Plaintiff claims meets the statutory requirement of a demand letter pursuant to D.C. Code § 12-309 within two weeks of this Order.

**SO ORDERED**.

Dated: November 3, 2017                                        RUDOLPH CONTRERAS
                                                                                United States District Judge